IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REVEREND WES CARROLL, GE-8666,   )
    Petitioner,
)
)
v.     )  Civil Action No. 06-532
)
COMM. OF PENNSYLVANIA, et al.,
    Respondents.     )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Wes Carroll for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust state court remedies.

II. Report:

Wes Carroll has presented a petition for a writ of habeas for which he has paid the filing fee.

Carroll is presently incarcerated at the State Correctional Institution at Dallas serving an eight and a half to twenty year sentence imposed following his conviction, of involuntary deviate sexual intercourse, simple assault and false imprisonment at No. CP-02-CR-0014147-2003 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on

---

[1] For whatever reasons the petitioner has failed to provide us with the necessary chronological information, and the chronology set forth herein is gleaned from the Docket Sheet of the Court of Common Pleas which is attached hereto. It would also appear that although three sentences were imposed, they were to run concurrently with an effective date of September 13, 2003.

May 5, 2005. Post-sentence motions were filed, Carroll's counsel withdrew from the case and new counsel was appointed on October 3, 2005 and granted leave to file new post-sentence motions nunc pro tunc. Nothing further has occurred in the case, and no appeal has been pursued.[2]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d

---

[2] We would be remiss if we failed to observed, that like this Court, it would appear that the Court of Common Pleas is likewise inundated by the petitioner's filings.

Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is apparent that although sentenced in May, 2005, the case is still pending in the Court of Common Pleas on post-sentence motions. Once those motions are disposed of, the petitioner will be free to seek a timely appeal in the appellate courts of the

3

Commonwealth, and for this reason, his petition here is premature.

Accordingly, it is recommended that the petition of Wes Carroll for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust the available state court remedies.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: May 31, 2006